**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4027**

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

LARRY JUNIOR HOLMES,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:12-cr-00160-NCT-1)

———————————

Submitted:  August 22, 2013        Decided:  August 26, 2013

———————————

Before MOTZ, DIAZ, and FLOYD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Andrew C. Cochran, Special Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Junior Holmes pled guilty to possession of ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and was sentenced to a term of thirty months' imprisonment. Holmes appeals his sentence, contending that the district court clearly erred in finding that he did not possess the ammunition solely for lawful sporting purposes under U.S. Sentencing Guidelines Manual § 2K2.1(b)(2) (2011). We affirm.

A defendant seeking a Guidelines reduction for a mitigating circumstance has the burden of proof. United States v. Urrego-Linares, 879 F.2d 1234, 1238-39 (4th Cir. 1989). Holmes maintained at his sentencing that he had not possessed firearms since 2009 and that all the ammunition found in his residence in the course of two searches was old and had been possessed solely for deer hunting. However, the testimony he presented to establish that fact, including his own, was contradictory. Moreover, the government presented evidence that Holmes had possessed firearms which he removed from his house just before it was searched, and that he threatened a neighbor with a handgun after the first search. We conclude that, based on this evidence, the district court did not clearly err in finding that Holmes was not entitled to the lawful sporting purpose reduction.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED